Daniel I. Rubin (NJ Bar ID# 015552005)
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ  08902
(732) 545-7900 – phone
(732) 545-1030 – fax
*Attorneys for Plaintiff*

| | |
|---|---|
| ROBERT J. BODTMANN II, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | **Civil Action** |
| vs. | |
| | Case No. _____ |
| LAW OFFICE OF LAURIE M. FIERRO, P.A., | |
| and LAURIE M. FIERRO, | |
| | **COMPLAINT** |
| Defendants. | **AND JURY DEMAND** |

PLAINTIFF, ROBERT J. BODTMANN II**,** through counsel, states for his Complaint as follows:

### INTRODUCTION

1.  This action seeks damages and other relief arising from the Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA).

2.  Specifically, Defendants, a debt collection attorney and law firm, engaged in an aggressive, abusive, and reckless campaign to collect from Plaintiff a debt that he did not owe, but instead was allegedly owed by Plaintiff's father for nursing home services provided to Plaintiff's deceased grandfather.   Even after being notified that they were attempting to collect a debt from the wrong person, Defendants continued to demand payment, attached Plaintiff's wages, and demanded that Plaintiff provide confidential and private information, in clear violation of the FDCPA.  Defendants' unlawful conduct caused Plaintiff considerable distress

and embarrassment, and caused him to miss work and lose wages.   Plaintiff seeks actual damages and statutory damages arising out of Defendants' conduct.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter alleging violations of the FDCPA pursuant to 15 U.S.C. § 1692k(d).

4.  Venue in this action properly lies in the District of New Jersey as it is the location where Plaintiff resides and where Defendants engaged in the debt collection activities at issue.

## PARTIES

5.  Plaintiff Robert J. Bodtmann II resides in Wall Township, New Jersey.

6.  Defendant Law Office of Laurie M. Fierro, P.A. is a law firm that engages in debt collection activities with offices located at 135 Kinnelon Road, Suite 103, Kinnelon, New Jersey.

7.  Defendant Laurie M. Fierro, Esq. is an attorney with the Law Office of Laure M. Fierro, P.A., whose office is located at 135 Kinnelon Road, Suite 103, Kinnelon, New Jersey.

## ALLEGATIONS OF FACT

8.  In or around June, 2012, Plaintiff's father Robert Bodtmann signed a contract for the admission of Plaintiff's grandfather, William Bodtmann, into Imperial Healthcare Rehabilitation and Nursing Center, a skilled nursing care facility.

9.  Plaintiff was not involved in any way with his grandfather's admission into the nursing facility, and Plaintiff did not review, execute, or sign any documents in connection with his grandfather's admission.

10. Plaintiff's grandfather subsequently passed away while in the nursing facility.

11. In February, 2013, Defendants filed a complaint on behalf of Imperial Healthcare Rehabilitation and Nursing Center against "Estate of William Bodtmann and Robert Bodtmann," alleging that Plaintiff's father and his grandfather's estate owed an alleged debt to the nursing facility.  A copy of the complaint is attached as **Exhibit A**.

12. The complaint alleges that Plaintiff's father owed a debt to the nursing facility because he was the son of Plaintiff's grandfather, and because he signed an Admission Agreement with the nursing facility.

13. Plaintiff is not named or otherwise identified in the complaint filed by Defendants on behalf of the nursing facility.

14. Plaintiff was not served with a copy of the complaint filed by Defendants.

15. In November, 2013, Defendants obtained a default judgment against the estate of Plaintiff's grandfather and Plaintiff's father.

16. On January 27, 2014, Defendants requested the issuance of a writ of execution to Cardinal Roofing & Siding to satisfy the judgment to the nursing facility.  A copy of the writ of execution is attached as **Exhibit B**.  The New Jersey Superior Court issued the writ of execution on February 3, 2014.

17. Cardinal Roofing & Siding is Plaintiff's employer.  Plaintiff's father does not and has never worked for Cardinal Roofing & Siding.

18. Plaintiff's father received a copy of the writ of execution in early February, 2014 and contacted Plaintiff to tell him that Cardinal Roofing & Siding was identified as the recipient of the writ.  This was the first time Plaintiff was notified of the judgment against his father.

19. Upon receipt of the writ of execution, Plaintiff's father notified Defendants that he did not work at Cardinal Roofing & Siding, that this was his son's place of employment, and that he and his son had the same name.

20. On or around February 21, 2014, Cardinal Roofing & Siding was served with the writ of execution.

21. On Friday, February 21, 2014, Plaintiff's employer called him in to his office and asked him about the writ of execution and the judgment. Plaintiff explained to his employer that the judgment was against his father, and that there had been a mistake. Plaintiff's employer told Plaintiff that he was obligated to withhold certain amounts from his wages, and that Plaintiff would have to take care of this problem.

22. Plaintiff contacted Defendants' office on February 21st and explained that his employer received a wage execution notice for a judgment that was entered against his father, who had the same name. The representative at Defendants' office told Plaintiff that it was his responsibility to prove that the judgment was not entered against him.

23. Plaintiff experienced considerable stress and anxiety during the meeting with his employer, and throughout the ensuing weekend. Plaintiff spent a significant amount of time researching the manner by which he could contest the wage execution, and determined that he would need to go to the Monmouth County Superior Court the following Monday to file an objection to the wage execution.

24. Prior to the issuance of the wage execution, Plaintiff and his fiancée had a tight monthly budget and were frequently concerned about being unable to pay their bills. The wage execution greatly increased Plaintiff's worries related to his ability to meet his monthly expenses.

25. Plaintiff informed his fiancée of the wage execution and the discussion with his employer. Plaintiff's fiancée became very upset, and expressed her concern over the effect of the wage execution on Plaintiff's income and the couple's expenses. The wage execution placed a significant strain on Plaintiff's relationship with his fiancée and led to several arguments.

26. On February 24, 2014, Plaintiff faxed a copy of his driver's license, W-2 form, and recent pay stub to Defendants. A redacted copy of Plaintiff's fax transmittal is attached as **Exhibit C**.

27. Plaintiff then called Defendants and spoke to Defendant Fierro. Plaintiff again explained that the judgment was against his father and that he never signed any contract for or on behalf of his grandfather. Defendant Fierro responded that it was Plaintiff's responsibility to prove that he did not sign the contract, and suggested that he should retain an attorney to do so.

28. Also on February 24, 2014, Plaintiff and his father traveled to the Monmouth County Courthouse to file an objection to the wage execution.

29. Plaintiff did not have any prior experience going to court, and his trip to the Monmouth County Courthouse was very stressful.

30. On February 25, 2014, Plaintiff contacted an attorney, who then contacted Defendant Fierro on his behalf. The attorney spoke to Defendant Fierro, who demanded that the attorney send her Plaintiff's birth certificate, Social Security card, driver's license, and a letter from Plaintiff's employer containing his Social Security number and date of birth.

31. On February 26, 2014, Plaintiff's attorney sent Defendants a letter from Plaintiff's employer containing the information Defendant Fierro requested, along with copies of Plaintiff's Social Security card, driver's license, birth certificate, passport photograph, and Form W-4. Redacted copies of the documents sent by Plaintiff's attorney to Defendants are attached as **Exhibit D**.

32. The documents forwarded to Defendants by Plaintiff and his attorney identify Plaintiff as Robert Bodtmann II, and list an address different than the address where Plaintiff's father was served with the complaint filed by Defendants.  Plaintiff's birth certificate clearly shows that Plaintiff and his father share the same name.

33. Plaintiff informed his employer that he would need to take off work until he was able to resolve the erroneous wage execution.  Plaintiff's employer told Plaintiff that work was available on February 27th and 28th, and that he would need to contact another employee in order to make up for Plaintiff's absence.

34. Plaintiff avoided going to work because he did not want to have his wages garnished for the judgment against his father.

35. On February 28th, Plaintiff spoke to the attorney who contacted Defendant Fierro on his behalf.  The attorney told Plaintiff that Defendant Fierro would not accept the employer letter and documents that he sent to her earlier that week, and that she demanded another letter from his employer and additional documents concerning Plaintiff's father.

36. On or around February 28th, Plaintiff's employer informed him that he needed to come back to work the following week or his job would be in jeopardy, and that he could not allow the wage execution to interfere with his employment.

37. As of the date this Complaint is filed, Defendants have not withdrawn or recalled the writ of execution served on Plaintiff's employer.

38. Plaintiff has experienced symptoms of anxiety for several years.  The events that have occurred as a direct result of the wage execution, including the February 21st meeting with his employer, traveling to the Monmouth County Courthouse on February 24th, the strain on his

relationship, and his multiple discussions and meetings with various attorneys, have aggravated these symptoms.

39. The alleged debt owed to Imperial Healthcare Rehabilitation and Nursing Center was incurred primarily for personal, family or household purposes.

40. Plaintiff is a natural person allegedly obligated to pay a debt incurred primarily for personal, family or household purposes.

41. Defendants regularly collect and/or attempt to collect debts which were incurred primarily for personal, family or household purposes, owed, due and/or asserted to be owed or due to another.

42. Defendants regularly use the mail, telephone or other instruments of interstate commerce in their collection of and/or attempts to collect debts.

## CLAIMS
### Violations of the Fair Debt Collection Practices Act (FDCPA)

43. Defendants are "debt collectors" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

44. Plaintiff is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3), which includes "any natural person obligated or allegedly obligated to pay a debt."

45. The amount that Defendants attempted to collect from Plaintiff is a "debt" within the meaning of the FDCPA at 15 U.S.C. § 1692a(5).

46. In their attempts to collect the alleged debt to Imperial Healthcare Rehabilitation and Nursing Center from Plaintiff, Defendants violated the FDCPA, including but not limited to, 15 U.S.C. §§ 1692c, 1692e, 1692f, and various subsections of those provisions.

47. By issuing a writ of execution to Plaintiff's employer for a judgment that Plaintiff did not owe, Defendants violated the FDCPA at 15 U.S.C. §1692c(b), which prohibits communications with a third party such as the consumer's employer without the prior consent of the consumer or

the express permission of a court of competent jurisdiction.  Plaintiff was not a judgment-debtor to the action brought by Defendants, therefore Defendants had no express permission from Plaintiff or any court to cause a writ of execution to be issued to Plaintiff's employer.

48.   By issuing a writ of execution to Plaintiff's employer, refusing to withdraw or recall the writ of execution after receiving notice that the judgment was entered against Plaintiff's father and not Plaintiff, and demanding that Plaintiff provide confidential and personal information such as his Social Security number, birth certificate, driver's license, and other documents, Defendants violated the FDCPA at 15 U.S.C. §1692e, which prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49.   By issuing a writ of execution to Plaintiff's employer and continuing to demand that Plaintiff was responsible for satisfying the alleged debt, Defendants violated the FDCPA at 15 U.S.C. §1692e(2)(A), which prohibits "[t]he false representation of… the character, amount, or legal status of any debt."

50.   By issuing and then refusing to withdraw or recall the writ of execution sent to Plaintiff's employer, even after receiving notice that the judgment was entered against Plaintiff's father, Defendants violated 15 U.S.C. §1692e(4), which prohibits "[t]he representation or implication that nonpayment of any debt will result in …the seizure, garnishment, attachment or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

51.   By issuing and then refusing to withdraw or recall the writ of execution sent to Plaintiff's employer, even after receiving notice that the judgment was entered against Plaintiff's father and not Plaintiff, Defendants violated 15 U.S.C. §1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

52.   By issuing a writ of execution to Plaintiff's employer, refusing to withdraw or recall the writ of execution after receiving notice that the judgment was entered against Plaintiff's father and not Plaintiff, and demanding that Plaintiff provide confidential and personal information such as his Social Security number, birth certificate, driver's license, and other documents, Defendants violated the FDCPA at 15 U.S.C. §1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt…"

53.  By issuing a writ of execution to Plaintiff's employer, refusing to withdraw or recall the writ of execution after receiving notice that the judgment was entered against Plaintiff's father and not Plaintiff, and demanding that Plaintiff provide confidential and personal information such as his Social Security number, birth certificate, driver's license, and other documents, Defendants violated the FDCPA at 15 U.S.C. §1692f, which prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

54.  By issuing and then refusing to withdraw or recall the writ of execution sent to Plaintiff's employer, even after receiving notice that the judgment was entered against Plaintiff's father, Defendants violated 15 U.S.C. §1692f(1), which prohibits "[t]he collection of any amount…unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  This provision has been interpreted to include the attempted "collection of any amount."

55. Plaintiff suffered damages as a result of the Defendants' violations of the FDCPA, including but not limited to, lost wages, expenses incurred in disputing the alleged debt, and emotional distress.

   **WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.  For actual damages pursuant to the FDCPA at 15 U.S.C. § 1692k(a)(1), including damages for emotional distress;

B.  For maximum statutory damages pursuant to the FDCPA at 15 U.S.C. § 1692k(a)(2);

C.  For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

D.  For pre-judgment and post-judgment interest; and

E.  For such other and further relief as Plaintiff may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except that Defendants have attempted to collect a debt from Plaintiff which arises out of the judgment entered in the matter of *Imperial Healthcare Rehabilitation and Nursing Center v. Estate of William Bodtmann and Robert Bodtmann*, filed in the New Jersey Superior Court, Law Division – Special Civil Part, Monmouth County, Docket No. DC-2301-13.

THE WOLF LAW FIRM, LLC


Dated: March 13, 2014                    *s/ Daniel I. Rubin*
                                         Daniel I. Rubin
                                         Henry P. Wolfe
                                         Attorneys for Plaintiff

# EXHIBIT A

COMPLAINT AND JURY DEMAND

*Bodtmann vs. Law Office of Laurie M. Fierro, P.A., et al.*

Case No.:     To Be Supplied

**SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE - PAGE 2**

Plaintiff or Plaintiff's Attorney
Information:
Name:
Laurie M. Fierro, P.A.
Address:
135 Kinnelon Road Suite 104
Kinnelon, N.J. 07405

Telephone No.: (973)838-4405

Imperial Healthcare
Rehabilitation and
Nursing Center
                          **Plaintiff(s)**
        **versus**


Estate of William Bodtmann
and Robert Bodtmann

                          **Defendant(s)**

| Demand Amount: | $5,084.50 |
| Filing Fee: | $ 52.00 |
| Service Fee: | $ 14.00 |
| Attorney's Fee: | $ |
| TOTAL: | $ |

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**
Monmouth                    **COUNTY**
71 Monument Park P.O.Box 1270
Freehold, New Jersey 07728-1270
(732) 577-6736

DOCKET NUMBER:_____
  (to be provided by the Court)

          **Civil Action**

          **SUMMONS**

  (Circle one): **Contract** or Tort

**Defendant(s) Information: Name and Address & Phone**

| Robert Bodtmann | Estate of William Bodtmann |
| 1116 9th Avenue | C/O Robert Bodtmann |
| West Belmar, New Jersey 07719 | 1116 9th Avenue |
| | West Belmar, New Jersey 07719 |

Date Served:_____

**RETURN OF SERVICE IF SERVED BY COURT OFFICER** (For Court Use Only)

Docket No.:_____ Date:_____ Time:_____
WM___WF___BM___BF___OTHER___HT___WT___AGE___MUSTACHE___BEARD___
GLASSES___
NAME:_____ ___RELATIONSHIP_____
Description of Premises_____
_____
I hereby certify the above to be true and accurate.
_____Court Officer
**RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)**
     I,_____, hereby certify that on_____
_____, I mailed a copy of the within summons and
complaint by regular and certified mail-return receipt requested.

          _____
          Employee Signature

FILED Feb 14, 2013

Law Office of Laurie M. Fierro, P.A.
135 Kinnelon Road Suite 104
Kinnelon, N.J. 07405
(973) 838-4405
Attorney for Plaintiff
IMPERIAL HEALTHCARE REHABILITATION AND NURSING CENTER

| | |
|---|---|
| IMPERIAL HEALTHCARE REHABILITATION AND NURSING CENTER,<br><br>     Plaintiff,<br><br>     vs.<br><br>ESTATE OF WILLIAM BODTMANN AND ROBERT BODTMANN<br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO: DC-002301-13<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff IMPERIAL HEALTHCARE REHABILITATION AND NURSING CENTER, a New Jersey corporation, doing business at 919 Green Grove Rd., Neptune, New Jersey 07753, by way of Complaint against the Estate of William Bodtmann, and Robert Bodtmann, residing at 1116 9th Avenue, West Belmar, N.J. 07719, defendants, says:

## FIRST COUNT

1.  Plaintiff Imperial Healthcare Rehabilitation and Nursing Center (hereinafter "Imperial"), a New Jersey corporation, is a long term skilled nursing facility located at 919 Green Grove Road, Neptune, N.J. 07753.

2.  Decedent William Bodtmann was admitted as a resident of Imperial on or about June 22, 2012.

3.  Decedent William Bodtmann died on or about November 27, 2012, leaving a balance due to Imperial for services rendered in the amount of $5,084.50.

4.  Plaintiff is a creditor of the Estate of William Bodtmann who based upon information and belief, died without a Will, a resident of the County of Monmouth, State of New Jersey.

5. Based upon information and belief, the Monmouth County Surrogate's Court has not issued Letters Testamentary or Letters of Administration to any person.

6. Imperial has a claim of $5,084.50, plus interest, counsel fees and costs, against the Estate of the said William Bodtmann, which claim has been presented to the Next of Kin.

7. The said Next of Kin has failed and refused to pay this claim.

8. Imperial has presented proof of this claim to the said Next of Kin, but he has failed and neglected to pay same.

9. The persons interested in this action and their respective interests are as follows:

| NAMES | INTERESTS |
|-------|-----------|
| Robert Bodtmann | Son |

WHEREFORE, plaintiff Imperial Healthcare Rehabilitation and Nursing Center demands judgment against THE Estate of William Bodtmann as follows:

(1) damages in the amount of $5,084.50;

(2) such other sums as continue to accrue;

(3) interest according to the terms of the Admission Agreement;

(4) costs of suit, including attorney's fees; and

(5) such other and further relief as the court may deem just and proper.

### SECOND COUNT

1. Plaintiff repeats the allegations set forth in the First Count as if set forth at length herein.

2. On or about July 10, 2012, Defendant Robert Bodtman executed an Admission Agreement with Plaintiff. (See Exhibit A.)

3. The Admission Agreement provided <u>inter alia,</u> at "IA Resident/Responsible Party consents to the Resident's admission to the Imperial Healthcare and for care to be rendered by the Imperial healthcare's employees or consultants, and to pay the Imperial Healthcare as may be applicable either the current rate, the co-insurance, the Medicare co-payment or the full amount of available monthly resources as determined by Medicaid".

4. The Admission Agreement further provided at "IIC. If any charges or fees are not paid by private pay residents by the fifteenth of the month in which they became due, interest at the rate of 12 percent per annum will be added to the unpaid balance retroactive to when the balance was first due. Further, if the Resident/Responsible party fails to make payment for charges and fees payable to the Home and the Home retains the service of a collection agency or attorney, the Resident/Responsible Party shall be responsible for all collection agency and attorney's fees, court costs and any other collection expenses."

5. The Admission Agreement further provided at "IIF. When a person is admitted under the Medicaid program, the Resident/Responsible party must submit the required available incomes to the facility by the tenth of each month. It is the policy of the facility that arrangements be made at the time of admission for the payers of the available income to send it to the facility directly. Further, if the Resident/Responsible Party fails to make payment for charges and fees payable to the Home and the Home retains the service of a collection agency or attorney, the

Resident/Responsible Party shall be responsible for all collection agency and attorney's fees, court costs and any other collection expenses including interest at the rate of 12% per annum.

6. Defendant Robert Bodtmann has failed to make full payment to Plaintiff from the income and/or assets of decedent William Bodtmann, and failed to otherwise manage the account of decedent William Bodtmann with Plaintiff properly.

7. Defendant Robert Bodtmann has breached the Admission Agreement with Plaintiff.

8. As a direct and proximate result of defendant Robert Bodtmann's breach of the Admission Agreement, Plaintiff has suffered damages in the amount of $5,084.50.

WHEREFORE, plaintiff Imperial Healthcare Rehabilitation and Nursing Center demands judgment against defendant Robert Bodtmann as follows:

     (1) damages in the amount of $5,084.50;

     (2) such other sums as continue to accrue;

     (3) interest according to the terms of the Admission Agreement;

     (4) costs of suit, including attorney's fees; and

     (5) such other and further relief as the court may deem just and proper.

### THIRD COUNT

1. Plaintiff incorporates each and every allegation set forth in the First and Second Counts as if set forth at length herein.

2. Decedent William Bodtman and Defendant Robert Bodtmann have wrongfully exercised dominion and control over the income and/or assets of William Bodtmann during the months of June 2012,

July 2012, August 2012, September 2012, October 2012, and November 2012, to which Plaintiff was lawfully entitled.

3.   Decedent William Bodtmann and Defendant Robert Bodtmann hve refused to deliver to Plaintiff, despite Plaintiff's demands for same, the income and/or assets of the decedent William Bodtmann, to satisfy Plaintiff's bill for services rendered and items supplied to decedent William Bodtmann.

4.   As a result of the conduct of Decedent William Bodrmann and Defendant Robert Bodtmann, Plaintiff has suffered a financial loss in the amount of $5,084.50.

WHEREFORE plaintiff Imperial Healthcare Rehabilitation and Nursing Center demands judgment against defendants Estate of William Bodtmann and Robert Bodtmann as follows:

   (1)  damages in the amount of $5,084.50;

   (2)  such other sums as continue to accrue;

   (3)  interest according to the Admission Agreement;

   (4)  costs of suit, including attorney's fees; and

   (5)  such other and further relief as the court may deem just and proper.

## FOURTH COUNT

1.   Plaintiff incorporates each and every allegation set forth in the First, Second and Third Counts as if set forth at length herein.

2.   From the time of the admission of decedent William Bodtmann to Imperial Care Center, decedent William Bodtmann and defendant Robert Bodtmann have failed to pay Plaintiff sums in their possession, custody and/or control representing the income and/or assets of decedent William Bodtmann towards the amounts due

to Imperial.

3.   Decedent William Bodtmann and Defendant Robert Bodtmann
have been unjustly enriched by said funds at the expense of
Plaintiff.

4.   Plaintiff has conferred a benefit for which payment was
expected.

5.   Plaintiff has suffered a loss as a result of the unjust
enrichment of Decedent William Bodtmann and Defendant Robert
Bodtmann.

WHEREFORE Plaintiff Imperial Healthcare Rehabilitation and
Nursing Center demands judgment against defendants Estate of
William Bodtmann and Robert Bodtmann as follows:

(1)   damages in the amount of $5,084.50;

(2)   such other sums as continue to accrue;

(3)   interest according to the terms of the Admission
Agreement;

(4)   costs of suit, including attorney's fees; and

(5)   such other and further relief as the court may deem
just and proper.

### FIFTH COUNT

1.   Plaintiff incorporates each and every allegation set forth
in the First, Second, Third and Fourth Counts as if set forth at
length herein.

2.   Plaintiff Imperial had an interest in and reasonable
expectation of economic advantage for rendering care to decedent
William Bodtmann.

3.   By their conduct, decedent William Bodtmann and defendant
Robert Bodtmann interfered with Plaintiff's reasonable expectation

I hereby certify, pursuant to R. 4:5-1, that the matter in controversy is not the subject of any other action in any court or any pending arbitration proceedings, and that no other action or arbitration proceeding is contemplated. I know of no other parties who should be joined in this action.

Law Office of Laurie M. Fierro, P.A.
Attorney for Plaintiff
Imperial Healthcare Rehabilitation
and Nursing Center

By: _____
Laurie M. Fierro, Esq.

Dated: February 11, 2013

# EXHIBIT B

COMPLAINT AND JURY DEMAND

*Bodtmann vs. Law Office of LaurieM. Fierro, P.A., et al..*

Case No.:      To Be Supplied

Law Office of Laurie M. Fierro, P.A.
135 Kinnelon Road Suite 104
Kinnelon, N.J. 07405
(973) 838-4405
Attorney ID: 020571983
Attorney for Plaintiff
IMPERIAL HEALTHCARE REHABILITATION AND NURSING CENTER

| | |
|---|---|
| IMPERIAL HEALTHCARE REHABILITATION AND NURSING CENTER, | :SUPERIOR COURT OF NEW JERSEY :LAW DIVISION: MONMOUTH COUNTY :DOCKET NO.: MON-L-2301-13 |
| Plaintiff, | :JUDGMENT NO: DJ-248904-13 |
| vs. | : CIVIL ACTION |
| ESTATE OF WILLIAM BODTMANN AND ROBERT BODTMANN, | : ORDER, CERTIFICATION AND : EXECUTION AGAINST EARNINGS |
| Defendants. | : PURSUANT TO 15 U.S.C. 1673 : AND N.J.S.A. 2A:17-56 |

To: Cardinal Roofing & Siding
    1106 A Industrial Parkway
    Brick, N.J. 08724

The employer and any subsequent employer is ordered to deduct from the earnings which the designated defendant Robert Bodtmann receives and to pay over to the court officer named below, the lesser of the following:

(a) 10% of the gross weekly pay; or

(b) 25% of disposable earnings for that week; or

(c) the amount, if any, by which the designated defendant's disposable weekly earnings exceed $217.50 per week, until the total amount due has been deducted or there is a complete termination of employment.  Upon either of these events, an immediate accounting is to be made to the court officer.  Disposable earnings are defined as that portion of the earnings remaining after the deductions from gross earnings of any amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or less, no amount shall be withheld under this Execution.

commissions endorsed herein, or upon a complete termination of said Defendant's salary, you immediately thereafter return this Execution with your proceedings thereon to the Clerk of the Court of the County of Monmouth.

WITNESS, the Honorable **MARY C. JACOBSON**, a Judge of the Court, this       day of **FEB 0 3 2014** , 201

*Michelle M. Smith, Esq.*
*Clerk of Superior Court*

MICHELLE SMITH - Clerk

Law Office of Laurie M. Fierro, P.A.
Attorney for Plaintiff

By:  Laurie M. Fierro, Esq.
Dated: January 27, 2014

**ENDORSEMENT**

| | |
|---|---|
| Levy damages | $6,905.12 |
| Costs | $ |
| Interest thereon from 11/1/13-1/27/14 | $  3.05 |
| Costs of Writ | $  .00 |
| Sheriff's Fees | $ |
| **TOTAL** | $ |

Delivered to me _____ , 2014
at _____ o'clock ___M.

_____
SHERIFF

In no event shall more than 10% of gross salary be withheld.

According to law, no employer may terminate an employee because of a garnishment.

Judgment Date..............November 1, 2013
Judgment Amount............$5,979.77
Costs and Atty. fees.......$
Subsequent Costs...........$   272.00
Total......................$6,251.77
Credits, if any............$    00.00
Subtotal A.................$6,251.77
Interest 11/1/13-1/8/14....$     2.44
Execution costs and mileage.$    54.00
Costs of Application.......$    30.00
Subtotal B.................$6,338.21
Court Officer Fee..........$   566.91
(10% of first $5,000;
5% of excess)
Total Due this Date........$6,905.12

I Certify that the foregoing
statements made by me are true.
I am aware that if any of the
foregoing statements made by me
are willfully false, I am subject
to punishment.

Date: January 8, 2014

By: _Laurie M. Fierro_
Laurie M. Fierro

Firm name:
Law Office of Laurie M. Fierro, P.A.
Address: 135 Kinnelon Road Suite 104
          Kinnelon, New Jersey 07405

JOSEPH QUINN, J.S.C.
Judge
1/17/14

Make payments at least
monthly to Sheriff

I RETURN this execution
to the Court
( ) Unsatisfied
( ) Satisfied
( ) Partially Satisfied

Amount collected......$
Fee Deducted..........$
Amount due to attorney$
Date:


RECEIVED
JAN 27 2014

EXHIBIT C

COMPLAINT AND JURY DEMAND

*Bodtmann vs. Law Office of LaurieM. Fierro, P.A., et al..*

Case No.:    To Be Supplied

# WorkCentre 5230
# Transmission Report

| G3 ID | 732 458 4391 | Date/Time:02/24/2014;03:06PM |
|---|---|---|
| | | Page:1 (Last Page) |

Local Name     CARDINAL ROOFING
Logo           CARDINAL ROOFING

Document has been sent.

Document Size 8.5X11"SEF



| Total Pages Scanned: 9 | Total Pages Sent : 9 | | | | | | |
|---|---|---|---|---|---|---|---|
| No. Doc. | Remote Station | Start Time | Duration | Pages | Mode | Contents | Status |
| 1 5661 9738384955 | | 2-24; 3:02PM | 2m44s | 9/ 9 | ECM | | CP |

Note:
RE: Resend        MB: Send to Mailbox    BC: Broadcast         MP: Multi Polling     RV: Remote Service
PO: Polling       RB: Relay Broadcast    RS: Relay Send        BF: Box Fax Forward   CP: Completed
SA: Send Again    EN: Engaged            AS: Auto Send         TM: Terminated

CARDINAL ROOFING & SIDING

008448

| 0184NJ MP.NO.DEPT | Robert Bodtmann EMPLOYEE NAME | | | 1/15/2014 PERIOD BEG. | 1/21/2014 PERIOD END. | 008448 CHECK NO. | 1/23/2014 |

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | | DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|---|---|---|
| | | | 31.50 | FED INC TAX | 0.15 | 48.80 |
| | | | 718.00 | FICA EMPLOYEE | 12.59 | 46.47 |
| OVERTIME | 0.00 | 0.00 | | FICAMED/EMPLOYE | 2.94 | 10.86 |
| REGULAR | 14.50 | 203.00 | | INSURANCE | 55.00 | 55.00 |
| | | | | NJ INC TAX | 2.76 | 11.81 |
| | | | | NJ FLI | 0.20 | 0.75 |
| | | | | SUI/SDI Employee | 1.51 | 5.57 |
| | | | | WDPP | 0.09 | 0.32 |

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY | Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|---|---|---|---|
| 14.00 | 203.00 | 75.24 | 127.76 | 749.50 | 179.58 | 569.92 |

OMB No. 1545-0008

| b Employer identification number 21-0742690 | 1 Wages, tips, other compensation 31935.50 | 2 Federal income tax withheld 3286.60 |
|---|---|---|
| c Employer's name, address, and ZIP code | 3 Social security wages 31935.50 | 4 Social security tax withheld 1980.05 |
| CARDINAL ROOFING & SIDING P.O. BOX 333 BRICK, NJ 08724 | 5 Medicare wages and tips 31935.50 | 6 Medicare tax withheld 463.04 |
| | 7 Social security tips | 8 Allocated tips |
| d Control number | 9 | 10 Dependent care benefits |
| 0184NJ e Employee's name, address, and ZIP code | 11 Nonqualified plans | 12a |
| Robert            Bodtmann REDACTED | 13 Statutory employee [ ] Retirement plan [ ] Third-party sick pay [ ] | 12b |
| | 14 Other NJ FLI    30.11 | 12c |
| | WDPP     13.13 | 12d |
| | SUI/SDI  229.43 | |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NJ | 210742690000 | 31935.50 | 570.57 | | | |

Form **W-2** Wage and Tax Statement

**2013**

Department of the Treasury—Internal Revenue Service

Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return.



# EXHIBIT D

COMPLAINT AND JURY DEMAND

*Bodtmann vs. Law Office of LaurieM. Fierro, P.A., et al..*

Case No.:    To Be Supplied



*Cardinal*
**ROOFING
& SIDING**
C O R P O R A T I O N

BRANCH OFFICES:
PT. ST. LUCIE, FLORIDA
(772) 335-9550

BRANCH OFFICES:
FT. MYERS, FLORIDA
(239) 939-4450

*CONSTRUCTION SPECIALISTS*

CORPORATE OFFICE:
1106A INDUSTRIAL PARKWAY, P.O. BOX 333
BRICKTOWN, NEW JERSEY 08723
(732) 458-9222   FAX (732) 458-4391
www.cardinalroofing.com
NJ Bus. Lic. # 13VH01279200

Laurie M. Fierro, P.A.
135 Kinnelon Road
Suite 104
Kinnelon, NJ  07405

February 26, 2014

Ms. Fierro,

Per your request, I verify that Robert J. Bodtmann, II has been employed by Cardinal
Roofing & Siding since 6/16/08. His SS# is REDACTED and Date of Birth is  REDACTED
and is personally known by me.

I have attached copies of the following documents from his employment file:

Social Security card
Drivers License
Birth Certificate
US Passport
W4 Form

If you have any questions, please contact me at 732-458-9222.

William Kelly
President, Cardinal Roofing & Siding

Karen A. Huber

MY COMMISSION EXPIRES  7/25/16